IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN FREEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:15-cv-956-MHT |
| RUSSELL COUNTY SHERIFF HEATH TAYLOR | ) ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, entered January 4, 2016). Now pending before the Court is Defendant's *Motion to Dismiss Amended Complaint* (Doc. 15, filed 5/24/16). The motion is fully submitted and ripe for review. For good cause shown, the Magistrate Judge recommends that the motion to dismiss be DENIED as discussed within this opinion.

**I. BACKGROUND**

On December 29, 2015, Plaintiff Kathleen Freeman ("Plaintiff" or "Freeman") filed the complaint in this case wherein she alleges various Title VII discrimination and retaliation claims against Defendant Heath Taylor ("Defendant" or "Sheriff Taylor") in his official capacity at Russell County Sheriff's Department. In response to the complaint, Defendant filed its first Motion to Dismiss. *See* Doc. 6. Plaintiff timely filed her response, but attached a considerable amount of evidence and asserted more specific claims. *See* Doc. 9. As she raised new arguments and factual assertions, the Court granted the Defendant's motion to strike, but also

provided the *pro se* plaintiff with the opportunity to amend her complaint. *See* Doc. 13. Plaintiff filed her amended complaint on May 11, 2016. *See* Doc. 14.

Plaintiff alleges race and gender discrimination from her time as an employee of the Russel County Sheriff's Department. *See* Doc. 14. Specifically, she asserts retaliatory actions in the form of undermining her authority by reversing disciplinary decisions related to inmates, losing paperwork, cancelling lockdown decisions and moving inmates. Plaintiff asserts inmates learned that they would not have to obey her because her supervisors would override her. In January and February 2015, the work environment was a sexually charged workplace which permitted inappropriate sexual innuendo, advances, and gestures. Plaintiff complained about the behavior and indicated it created a hostile work environment and permitted sexual harassment. Freeman claims she told her superiors that employees should have a right to be free from the inappropriate behavior in the workplace. She was also written up by the very same people whom she complained for alleged infractions which she indicates were retaliation. Plaintiff avers she felt unsafe because of the toxic atmosphere of sexual harassment, a hostile work environment, and management by retaliation and intimidation. As a result, she was left with no choice but to leave her job at the Russell County Sheriff's Office after almost nine years of employment. Plaintiff indicates that prior to filing her complaints regarding the work environment, she had an exemplary record of employment with Russell County. Plaintiff attaches several exhibits to the amended complaint in support of her allegations.

Defendant files its motion to dismiss the amended complaint on May 24, 2016. *See* Doc. 15. First, Defendant claims that she fails to state a claim for sexual harassment / hostile work environment. In this section, Defendant argues Plaintiff's claims amount to mere complaints of sexual connotations (not gender discrimination) and she failed to establish her prima facie case

of sexual harassment.  Defendant next argues that unprofessional and abusive behavior is not protected under Title VII and does not rise to the level of retaliation.  Further, Defendant asserts undermining authority cannot meet the burden of establishing adverse employment action or constructive discharge.  Finally, Defendant asserts being scolded by a supervisor is not retaliation and that Plaintiff's complaints all related to a general civility workplace dispute.  *Id*.

Plaintiff filed a timely response to the motion to dismiss.  *See* Doc. 18.  She cites to the Equal Employment Opportunity Commission's website and its definition of sexual harassment / hostile work environment as well as its guidance on retaliation and related issues.  She describes numerous incidents where she officially complained about the work environment, discrimination, and retaliation. Together, she argues, the information present "a mosaic of circumstantial evidence" of the history of discrimination and adverse actions against her.  *Id*.

Defendant filed his reply where he reiterates his prior arguments and asserts "the law on this issue is clear."  *See* Doc. 19.  Defendant states plaintiff has not alleged conduct that is severe or pervasive enough to reach the threshold for a viable claim of sexual harassment or retaliation.  *Id*.

**II.  JURISDICTION AND VENUE**

Freeman asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as she brings claims for violations of 42 U.S.C. §2000e, *et seq*. ("Title VII").  She also asserts venue is proper as the alleged discrimination occurred in Phenix City, Alabama which is located in the Middle District of Alabama.

Defendant challenges jurisdiction in his motion to dismiss.  However, the only place a Rule 12(b)(1) challenge is referenced is in the first sentence of the motion to dismiss the amended complaint.  *See* Doc. 15 at p. 1.  The Court will address the appropriate standard of

review in further detail below.

### III. STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

As Defendant asserts its motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court must first determine the appropriate standard of review. A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). Whereas, a Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. Defendant acknowledges that this suit is brought pursuant to Title VII. In a detailed review of the Defendant's motion to dismiss and reply, the Court finds no basis for a Rule 12(b)(1) jurisdictional challenge. Rather, all Defendant's arguments are rooted in a "failure to state a claim" argument. Thus, scrutiny under

Rule 12(b)(1) is not appropriate and the proper standard of review is Rule 12(b)(6).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id*.  Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S. Ct. at 1974.  It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Id*. at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

## IV. DISCUSSION AND ANALYSIS

Title VII "prohibits employment discrimination on the basis of race, . . . sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A plaintiff may establish sexual harassment in "violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986).  Discriminatory conduct that is "so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality." *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 22, 114 S. Ct. 367, 371, 126 L. Ed. 2d 295 (1993).

Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse employment action that is causally related to that activity.  *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998).  "A constructive discharge

occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.'" *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (citation omitted)

A plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment, but the "ordinary rules for assessing the sufficiency of a complaint [still] apply." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002); *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination.") (citations and quotation marks omitted); *see also Uppal v. Hosp. Corps. Of Am.*, 482 Fed. Appx. 394, 396 (11th Cir. 2012) (citing *Swierkiewicz* and *Davis*).

Defendant asserts Plaintiff failed to establish her claims of a hostile environment or retaliation in violation of Title VII. Defendant cites a number of cases to support his argument. However, every case Defendant cites was when the courts decided a pending motion for summary judgment – which utilizes a very different standard. As such, Defendant's supporting case law provides little to no value to this Court's analysis as it utilizes a different standard of review. For example, Defendant cites *Nettles v. LSG Sky Chefs*, 211 Fed. Appx. 837 (11th Cir. 2006) and argues that the Eleventh Circuit determined that undermining an employee's authority is not an adverse job action. *See* Doc. 15 at p. 6. However, when reviewing the totality of that case, the Eleventh Circuit found that the facts as alleged by the *Nettles* plaintiff – "considered separately or collectively, meet the threshold of substantiality needed to show an adverse employment action or a constructive discharge" as plaintiff did not establish "any of these

actions were motived by race." *Id*. at 839. In short, the Eleventh Circuit's finding is not that undermining an employee's authority could never be considered an adverse job action. But rather, when considering the facts in the *Nettles* case and applying the summary judgment standard, Plaintiff failed to establish the link to a protected status and therefore the undermining did not rise to the level of an adverse job action. This is the basis for the Eleventh Circuit's conclusion, not a bright line rule for this court to follow.

In this instant suit, the Court must accept Plaintiff's allegations as true, view them in the light most favorable, and consider that plaintiff need not plead every possible detail in support of her claims. Rather, the Court merely determines whether Plaintiff alleges "enough facts to state a claim to relief that is plausible on its face."

The Court considers that a *pro se* party is not held the same artful pleading standard and are read more liberally than a complaint drafted by an attorney. Moreover, the Court finds that Defendant's arguments about the "weakness of plaintiff's claim[s]" are more appropriate for review under summary judgment when one fully analyzes the Title VII framework and considers evidence in support or against summary judgment. The Court does not find that Plaintiff is required to plead every single detail as it pertains to her claims, but rather enough factual matter to suggest hostile work environment and/or retaliation.

In viewing the facts most favorably towards plaintiff as the non-movant, Freeman has alleged facts which could – through the discovery process – establish a prima facie case of hostile work environment and retaliation for reporting such an environment. Specifically, that Plaintiff (who refused to participate in the sexually charged innuendo, gestures, and actions) was subjected to such behavior in that it altered the conditions of her employment and created an abusive working environment especially as she could not leave her post without permission.

Moreover, after reporting such behavior, she then experienced retaliation in the form of write ups and undermining authority which ultimately resulted in a constructive discharge. Moreover, one claim is not tied exclusively to the other. Even if after the discovery process, Plaintiff ultimately fails on her hostile work environment claim, it does not necessitate that the retaliation claims also fails.

The Court acknowledges that the facts as pled for Plaintiff's claims are not extensive, but at this stage they are not required to be. The Court makes no judgment here on whether or not Plaintiff's claims can survive a motion for summary judgment. Rather, the Court merely states that Defendant has not established in its motion to dismiss that Plaintiff could not do so and the threshold for surviving a Rule 12(b)(6) motion is exceedingly low.

## V. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendant's Motion to Dismiss Amended Complaint (Doc. 15) be **DENIED** and this case be referred back for additional proceedings.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **November 23, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in

the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 8th day of November, 2016.

                              /s/ Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE